UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                     :
RODO INC.,                  :
                     :
            Plaintiff,      :
                     :          22-CV-9736 (VSB)
           -against-      :
                     :          <u>**ORDER**</u>
TALLES GUIMARAES and ARI COHEN,  :
                     :
            Defendants.  :
                     :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, <u>United States District Judge</u>:

       Parties have submitted a joint letter proposing a schedule and scope for expedited discovery in advance of further briefing on Plaintiff's request for a preliminary injunction. (Doc. 36.) The parties have agreed on a scope of discovery covering nine different areas. (*Id.* at 2–3.) Their sole disagreement concerns the second[1] and ninth areas[2] of discovery. Specifically, they disagree on whether discovery in these two areas should reach "any automotive deals or transactions (whether closed or not)" engaged in by Defendants, or only "any **online** automotive deals or transactions (whether closed or not)" engaged in by Defendants.

       "A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships

---

[1] "Defendants' communications since Defendant Cohen's leaving Rodo, with: (i) each other concerning Rodo's business, Rodo employees, Rodo's alleged confidential information or trade secrets, and/or any [online] automotive deals or transactions (whether closed or not); (ii) any Rodo employees concerning Rodo employees leaving Rodo or joining another employer or enterprise; (iii) any Rodo customers, dealers, data providers, or vendors concerning Rodo's business and/or Rodo's alleged confidential information or trade secrets, or any automotive deals or transactions (whether closed or not)." (Doc. 36, at 2.)

[2] "Any [online] automotive deals or transactions (whether closed or not) in which Defendants have been engaged since leaving Rodo, whether or not involving Exactcar." (Doc. 36, at 2.)

tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (internal quotation marks omitted).

Defendants argue that Plaintiff's complaint and injuries involve only sales related to online transactions, and that offline transactions are therefore irrelevant. (Doc. 36, at 3.) Plaintiff argues that *any* activity by Defendants in the automobile space violates their employment agreements and urges the issuance of a temporary restraining order or preliminary injunction. (*Id.*; *see also* Doc. 30, at 3.) It also argues that *any* car sales by Cohen may affect their business and cause irreparable harm. (Doc. 30, at 4.) Additionally, the employment agreement for Guimaraes proffered by Plaintiff does not define Plaintiff's business as exclusively online sales. Rather, the business is defined as "software, website, and mobile app development, car leasing and sales, finance and insurance products and the general automotive industry." (Doc. 15-1 at 2.) The employment agreement for Cohen has a substantially similar definition. (Doc. 15-2 at 2.)

Plaintiff is thus asserting that Defendants' participation in both online and offline car sales could violate their employment agreements with Plaintiff and cause irreparable harm. While I make no determination here about the precise coverage of these agreements, their definition of "business" facially appears to cover more than online car sales. Discovery on offline car transactions is thus relevant to both whether Plaintiff can show irreparable injury and whether it can show serious questions about the merits of their claim or demonstrate a likelihood of success on the merits. Discovery in the second and ninth areas of discovery shall therefore cover "any automotive deals or transactions (whether closed or not)." Accordingly, it is hereby

ORDERED that expedited discovery and briefing on the preliminary injunction shall take place on the schedule set out in Doc. 36, with the scope defined in Doc. 36, as amended by this

Order.

      The Clerk of Court is respectfully directed to terminate the motion at Doc. 36.

SO ORDERED.

Dated:    December 5, 2022
            New York, New York

_____
VERNON S. BRODERICK
United States District Judge