UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RODO INC.,                                                  :
                                                            :
                                    Plaintiff,              :
                                                            :         22-CV-9736 (VSB)
                    -against-                               :
                                                            :              **ORDER**
                                                            :
TALLES GUIMARAES and ARI COHEN,                             :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      Parties dispute proposed redactions to the transcript of the hearing held on November 18, 2022. (Docs. 33, 37.) This hearing concerned plaintiff Rodo Inc.'s ("Rodo") request for a temporary restraining order against defendants Talles Guimaraes and Ari Cohen. Plaintiff moves to redact certain parts of the transcript which it states contains confidential business information. (Doc. 33.) Because the proposed redactions are reasonable in scope and concern confidential business information, I find them appropriate. Plaintiff's motion is therefore GRANTED.

      As background, prior to the hearing I sent Plaintiff a list of questions that I expected to discuss. (Doc. 18.) Plaintiff responded to most of these questions in a filing but stated that several implicated sensitive business information that they would request to be sealed. (Doc. 22, at 8.) Then, at the hearing, they requested that portions of the transcript discussing this information be redacted. I ordered the transcript sealed and gave the parties time to propose redactions. (Hearing Tr. 22:6-17.)[1] Plaintiff provided their proposed redactions on November 29, 2022. (Doc. 33.) Guimaraes opposes only one of these. (Doc. 37.)

---

[1] "Hearing Tr." reference to the transcript of the conference held November 18, 2022.

There is a presumption of public access to anything that qualifies as a "judicial document," *i.e.*, a "filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.' " *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).  Documents and materials provided to aid in the adjudication of a motion for a temporary restraining order or preliminary injunction are judicial documents entitled to the highest presumption of access.  *See, e.g.*, *Doe v. Rensselaer Polytechnic Inst.*, No. 120CV01359BKSCFH, 2020 WL 6586290, at *2 (N.D.N.Y. Nov. 10, 2020) (collecting cases).

Despite this, "courts have consistently found that confidential commercial information of a business—including confidential research, internal business documents and information about a business's operations are the proper subject of sealing."  *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, No. 19-CV-07577-KMK, 2022 WL 4956050, at *2 (S.D.N.Y. Aug. 26, 2022); *see also Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, No. 21CV9472JGKKHP, 2022 WL 3704002, at *1 (S.D.N.Y. Aug. 26, 2022) (sealing warranted to protect "sensitive business information"); *Falberg on behalf of Goldman Sachs 401(k) Plan v. Goldman Sachs Grp., Inc.*, No. 1:19-CV-09910-ER, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) ("Courts in this District routinely permit redaction and sealing of . . . competitively sensitive business information.").

Sealing is particularly appropriate when the confidential business information relates to a privately held company.  *See, e.g.*, *Tropical Sails Corp. v. Yext, Inc.*, No. 14 CIV. 7582, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) ("A legitimate privacy interest certainly exists in the financial documents of a privately held company."); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving the redaction of a privately held company's confidential business information).  However, even where sealing is appropriate

it must be "narrowly tailored," meaning that "it seeks to seal only that information that needs to be sealed in order to preserve higher values." *Signify Holding B.V.*, 2022 WL 3704002, at *1.

Under this standard, the redactions proposed by Plaintiff are appropriate. The single contested redaction concerns one sentence on page 26 of the transcript at lines 13 to 14.[2] This line involves confidential information that speaks directly to the profitability of Rodo, a privately held start-up company. (Doc. 33, at 2.) Additionally, Plaintiff is not proposing the wholesale sealing of the transcript, but the redaction of specific, targeted lines discussing its financial condition. This limited redaction of a privately held company's confidential financial information is appropriate. The other, uncontested redactions proposed by Plaintiff are warranted for the same reasons.

Accordingly, Plaintiff's request to file the transcript with their proposed redactions is GRANTED. Plaintiff shall file the transcript with their proposed redactions by December 9, 2023.

The Clerk of Court is respectfully directed to terminate the motion at Doc. 33.

SO ORDERED.

Dated:   December 5, 2022
        New York, New York

                                                    VERNON S. BRODERICK
                                                    United States District Judge

---

[2] Guimaraes states that he opposes the redaction on page 23 at lines 13-14. (Doc. 37.) In the initial sealing request, however, Plaintiff indicated that Guimaraes opposed the redaction on page 26 at lines 13 to 14. (Doc. 33 at 2.) There is no single sentence in the transcript on page 23 at lines 13-14 and a partial redaction to that line would make little sense. Accordingly, I interpret Guimaraes to be objecting to the proposed redaction on page 26 of the transcript at lines 13 to 14.