```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
RODO INC.,                                               :
                                                         :
                              Plaintiff,                 :
                                                         :         22-CV-9736 (VSB)
                    -against-                            :
                                                         :              ORDER
TALLES GUIMARAES and ARI COHEN,                          :
                                                         :
                              Defendants.                :
                                                         :
-------------------------------------------------------- X
```

VERNON S. BRODERICK, United States District Judge:

      This Order resolves the Parties' dispute over the terms of their proposed protective order. I assume familiarity with the background of this case.

      Parties have requested the entry of a protective order regulating the use of information produced in this action. (Doc. 43.) They agree on its terms save for the question of what material may be designated "Highly Confidential – Attorney's Eyes Only." (*Id.* 1.) Information so designated may not be provided to the Parties, only be provided to their counsel, the Court, and other experts. (Doc. 43-1 ¶ 5, 16.) Parties agree that certain information related to Plaintiff's "Pricing Engine" software is properly designated "Highly Confidential – Attorney's Eyes Only." (Doc. 43, at 1, Doc. 43-1 ¶ 3(b).) They disagree about whether the names, contact information, and business information of Plaintiff's data providers, dealers, customers, and brokers may be similarly designated, along with lists containing that information. (*Id.*)

      Plaintiff asserts that this information is the type of sensitive trade secret information Defendants are alleged to have misappropriated. Allowing access to it would cause Plaintiff irreparable harm. (Doc. 43, at 2–3.) Defendants claim that the allegations of irreparable harm are speculative and that, in any case, denying access to this information would unfairly prevent

them from defending this action.  (*Id.* 3–5.)

A "court may, for good cause, issue an order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Fed. R. Civ. P. 26(c)(1)(G).  Given this authority, "[t]he disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets."  *In re The City of New York*, 607 F.3d 923, 935 (2d Cir. 2010) (citing Fed. R. Civ. P. 26(c)(1)(G)); *see also Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 164 (2d Cir. 1992) ("[A]n attorney may in appropriate cases learn an adversary's trade secrets under an obligation not to disclose them to clients or others who might put them to commercial use.")

Courts asked to enter a protective order with an "attorneys' eyes only" provision to protect trade secrets or confidential commercial information "must balance the risk of economic harm to the producing party against the requesting party's need for the information."  *Tory Burch LLC v. Creative Eyewear, Inc.*, No. 12 CIV. 7422 HB JCF, 2013 WL 1294561, at *1 (S.D.N.Y. Apr. 1, 2013) (citing *Asch/Grossbardt Inc. v. Asher Jewelry Co.*, No. 02 CIV. 5914 (SAS), 2003 WL 660833, at *2 (S.D.N.Y. Feb. 28, 2003)).  When litigants are competitors in the same industry, courts in this District and elsewhere have found that applying "attorneys' eyes only" protections to customer lists and similar information can effectively strike this balance.  *See, e.g.*, *Asher Jewelry Co.*, 2003 WL 660833, at *2 (subjecting customer lists sought by direct competitors to "attorneys' eyes only" protections because "disclosure of customer lists could potentially result in economic harm to the disclosing party"); *see also All Plastic, Inc. v. SamDan LLC*, No. 20-CV-01318-NYW, 2021 WL 2979005, at *2 (D. Colo. Feb. 15, 2021) ("Courts in [the District of Colorado] have afforded attorney's eyes only . . . designations where customer lists and sales lists . . . are at issue."); *Berkeley\*IEOR v. Teradata Operations, Inc.*, No. 17 C

7472, 2020 WL 5230744, at *2 (N.D. Ill. Sept. 2, 2020) (collecting cases where "attorneys' eyes only" designations have been approved for sensitive commercial information like customer lists); *U.S. ex rel. Daugherty v. Bostwick Lab'ys*, No. 1:08-CV-354, 2013 WL 3270355, at *10 (S.D. Ohio June 26, 2013) ("Courts have routinely recognized that when parties compete in the same industry, an Attorneys' Eyes Only designation strikes the appropriate balance between a litigant's right to relevant discoverable information and the legitimate concerns surrounding disclosure of highly confidential and sensitive information to a direct competitor.").

In keeping with these decisions, I find that permitting parties to designate names, contact information, and business information of Rodo's data providers, dealers, customers, and brokers, as well as lists containing this information as "attorneys' eyes only" appropriately balances the needs of the parties. Plaintiff asserts that it is a direct competitor to Defendants' current employer and that disclosure of commercial information like its customer lists will result in economic harm. (Doc. 43, at 2.) This is sufficient to merit the entry of a protective order that includes "attorneys' eyes only" provisions.

I recognize that as this case develops, this restriction may come to impose a greater burden on Defendants than it does now. Plaintiff asserts that Defendants may have misappropriated certain confidential information not only by removing or retaining documents, but by learning information in their old job, and then applying it at their new job. (*See, e.g.*, Doc. 1 ¶ 63 ("While Rodo suspects that Defendant Cohen has taken a physical or electronic copy of all of this information, even if he had not, it would be impossible for him to unlearn this information and disclosure to Exactcar is inevitable.") Moreover, "it is well-recognized with respect to trade secrets that in most cases, the plaintiffs must construct a web of perhaps ambiguous circumstantial evidence from which the trier of fact may draw inferences which convince him or her that it is more probable than not what the plaintiffs allege happened did in

3

fact take place." *ScentSational Techs., LLC v. PepsiCo, Inc.*, No. 13-CV-8645 (KMK), 2017 WL 4403308, at *13 (S.D.N.Y. Oct. 2, 2017) (cleaned up).

Depending on Plaintiff's theory of the case, an "attorneys' eyes only" designation could eventually put Defendants' counsel in the untenable position.  If Plaintiff's case turns on Defendants' personal knowledge of specific pieces of confidential information, as demonstrated by circumstantial evidence, rather than documentary evidence, it is imperative that Defendants' counsel be able to discuss that information with their clients to understand the basis for their knowledge.

At this stage, however, the risk of competitive harm is sufficient to tip the balance in favor of Plaintiff.  Additionally, the Parties' proposed protective order recognizes that I may order the disclosure of information.  (Doc. 43-1 ¶ 5.)  This provision ensures that there is a mechanism to disclose information to Defendants if it is needed for their defense.  Accordingly, I will enter a protective order consistent with the terms of this Order.

The Clerk of Court is respectfully directed to terminate the motion at Doc. 43.

SO ORDERED.

Dated:   December 27, 2022
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge