UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
RODO INC.,                                              :
                                                        :
                                    Plaintiff,          :
                                                        :                22-CV-9736 (VSB)
                            -against-                   :
                                                        :                **ORDER**
TALLES GUIMARAES and ARI COHEN,                         :
                                                        :
                                    Defendants.         :
                                                        :
-------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

        This Order resolves Plaintiff Rodo Inc. ("Rodo") and Defendant Ari Cohen's ("Cohen")

dispute over the scope of the expedited discovery.  (Doc. 47.)  I assume familiarity with the

background of this case.

        Parties have met-and-conferred regarding the terms of discovery and have a single

dispute.  Cohen requests as his "Document Demand 7(a)"

        Rodo's Logs of all automobile sales deals completed by Cohen in the 12 months
        prior to his departure from Rodo, particularly, but not limited to, the pricing
        information contained in Rodo's Pricing Engine for each said vehicle throughout
        the sales process, and the ultimate pricing information for which each such vehicle
        was sold.

(*Id.* 1.)  Cohen asserts that he needs this information to determine if Rodo's "Pricing Engine"

software adds value to Rodo's business or provides information that could not easily be acquired

or duplicated by others.  This, in Cohen's view, goes to whether the Pricing Engine is a "trade

secret."  (*Id.* 2.)  Cohen also asserts that this information should not receive "Attorneys' Eyes

Only" designation under the protective order entered in this matter (Doc. 45, the "Protective

Order") because the information is essential to his defenses against Rodo's motion for a

preliminary injunction.  (Doc. 47, at 3.)

Rodo challenges this request for two reasons.  First, it asserts that the information Cohen seeks does not exist because the pricing information created by the Pricing Engine is not retained for more than a brief period.  Thus, while Rodo has the final price at which a sale took place, it does not have prior prices generated by the Pricing Engine for that transaction.  (*Id.* 4.)  Second, it asserts that whatever information it has on Cohen's automobile sales (*e.g.*, the final sales price) is irrelevant because a customer's decision to buy a car through Rodo is sufficient evidence of the Pricing Engine's value as a trade secret.  (*Id.* 3.)  They also argue that access to this material should be Attorneys' Eyes Only under the Protective Order.  (*Id.* 4.)

Based on these positions, there are two categories of information.  First, there is "the pricing information contained in Rodo's Pricing Engine for each said vehicle throughout the sales process," which Rodo says does not exist.  Then, there is "Rodo's Logs of all automobile sales deals completed by Cohen in the 12 months prior to his departure from Rodo, particularly . . . the ultimate pricing information for which each such vehicle was sold" which Rodo concedes exists but says is irrelevant.

The question of what is to be produced in discovery is governed by Fed. R. Civ. P. 26. The Rule provides, in part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  This standard "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Even this broad standard, however, does not require a party to produce material that does not exist.  *See, e.g., Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs.*,

*Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) ("Generally, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one cannot be required to produce the impossible.") (cleaned up).  "If the responding party denies that it has possession, custody, or control of relevant documents, the discovering party must make an adequate showing to overcome this assertion." *Wright v. New Moda, L.L.C.*, No. 17-CV-9737 (JGK)(SN), 2019 WL 2071158, at *3 (S.D.N.Y. May 10, 2019).

Rodo asserts that each price provided to a customer throughout the sales process is not retained for more than a brief period, so it does not exist now and cannot be reconstructed.  (Doc. 47, at 4.)  Cohen does not contest this.  (*See id.* 2–3.)  This component of his discovery request is therefore denied.

However, the remainder of this request is granted.  Rodo brings claims and a request for an injunction against Cohen for violations of the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq. ("DTSA"), and misappropriation of trade secrets under New York common law.  A key component of these claims is that the Pricing Engine is a trade secret.  (Doc. 1 ¶¶ 76–100.) Cohen asserts that disclosure of the price information he seeks will help determine if the Pricing Engine is a trade secret.

The "determination of whether particular information is a trade secret is typically a fact-intensive inquiry."  *Garvey v. Face of Beauty LLC*, No. 21-CV-10729 (ALC), 2022 WL 5246665, at *8 (S.D.N.Y. Oct. 6, 2022).  Under the DTSA, a trade secret must "derive[] independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information."  18 U.S.C. § 1839(3)(B).  Under New York

3

common law, courts assessing if something is a trade secret look to

> (1) the extent to which the information is known outside of his business; (2) the extent to which it is known by employees and others involved in his business; (3) the extent of measures taken by him to guard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended by him in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Integrated Cash Mgmt. Servs., Inc. v. Digital Transactions, Inc.*, 920 F.2d 171, 173 (2d Cir. 1990) (quoting *Eagle Comtronics, Inc. v. Pico, Inc.*, 89 A.D.2d 803, 803–04 (4th Dep't 1982)). Thus, under both the DTSA and New York common law, the economic value of information and the ease with which it could be independently developed by others both factor into whether information is a trade secret.

Accordingly, "while 'pricing information may constitute a trade secret under certain circumstances, this is generally where a company uses some type of proprietary formula that gives it a unique advantage, such as a complex pricing or trading algorithm in a financial business.'" *Garvey*, 2022 WL 5246665, at *9 (quoting *24 Seven, LLC v. Martinez*, No. 19-CV-7320 (VSB), 2021 WL 276654, at *8 (S.D.N.Y. Jan. 26, 2021)). In considering whether pricing data is a trade secret, courts have looked to whether the data provides a unique competitive advantage or can be easily replicated or obtained through public channels. *See, e.g.*, *24 Seven, LLC*, 2021 WL 276654, at *8 (discussing the factors may render pricing data a trade secret).

Given this, Cohen is entitled to this sales data. He requests this information to show that prices provided by the Pricing Engine are easily duplicated or publicly ascertainable. (Doc. 47, at 2.) This is relevant to whether the Pricing Engine is a trade secret, particularly given the liberal standard of relevance permitted by Fed. R. Civ. P. 26 and the fact-intensive inquiry required to determine if something is a trade secret.

In sum, Rodo does not need to produce "the pricing information contained in Rodo's

Pricing Engine for each said vehicle throughout the sales process" but must produce the other information associated with Cohen's discovery request.

The request to have this information produced on an Attorneys' Eyes Only basis is granted at this stage of the litigation.  The pricing information sought by Cohen falls squarely within the category of information subject to Attorneys' Eyes Only protection under the Protective Order.  (Doc. 45 ¶ 3(b)).  Moreover, to the degree that Cohen's argument rests on the premise that this information is publicly available, that undermines the need for his attorneys to be able to share it with him to glean insights they could not otherwise obtain.  If a review of this information reveals more specific and concrete reasons that Cohen himself would need to review this information, he may revisit the matter pursuant to the procedures set out in the Protective Order.  Therefore, my ruling on this issue should not be construed as necessarily the final word on the subject, and the ruling may need to be modified as the case progresses.

The Clerk of Court is respectfully directed to terminate the motion at Doc. 47.

SO ORDERED.

Dated:     January 19, 2023
           New York, New York

_____
VERNON S. BRODERICK
United States District Judge