```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RODO INC.,                                                  :
                                                            :
                            Plaintiff,                      :
                                                            :            22-CV-9736 (VSB)
                    -against-                               :
                                                            :               ORDER
TALLES GUIMARAES and ARI COHEN,                             :
                                                            :
                            Defendants.                     :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

      This Order resolves the parties' dispute over a subpoena issued to non-party ExactCar Inc. ("ExactCar"). (Doc. 54.) Plaintiff Rodo Inc. ("Rodo") seeks to either compel non-party ExactCar to comply with the subpoena served on it (the "ExactCar Subpoena"), or to compel Defendants Talles Guimaraes ("Guimaraes") and Ari Cohen ("Cohen") to produce comparable materials. Rodo also seeks costs associated with its request. (*Id.* 3.) Rodo's request is DENIED with leave to renew the motion on the terms provided by this Order.

      The scope of discovery in this case is defined by my order entered on December 5, 2022. (Doc. 38.) No one contests that the material sought in the ExactCar Subpoena is within the scope of that order. (Doc. 54, at 3.) Rodo reports that it served the ExactCar Subpoena on December 15, 2022. It then sent four follow-ups by email or letter requesting compliance with the subpoena between January 12, 2023, and February 10, 2023. ExactCar has not responded to any of these communications and attempts to call ExactCar were unsuccessful. (*Id.* 1–2.)

      Defendants state that while Guimaraes also reached out to ExactCar to obtain the materials sought by Rodo, ExactCar has denied them permission to obtain those materials and warned Defendants that downloading these materials for production would breach Defendants'

employment agreements.  (*Id.* 3.)  Despite denying permission to produce the documents, ExactCar has not appeared in this action to contest the subpoena or otherwise.  I note, however, that even setting Defendants' communications with ExactCar on the ExactCar Subpoena aside, ExactCar is clearly aware of this action because its CEO, Kevin Azzouz, has filed a declaration in this case.  (*See* Doc. 23.)

      I will reserve a decision on whether it is appropriate to compel Defendants to produce the materials sought by Rodo.  "[I]f a party has access and the practical ability to possess documents not available to the party seeking them, production may be required."  *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007).  Thus, courts in this District have ordered production of documents from defendants who had the "practical ability" to obtain discovery materials notwithstanding the existence of contractual agreements that might restrict the documents' production.  *See, e.g.*, *Cohen v. Horowitz*, No. 07 CIV. 5834 (PKC), 2008 WL 2332338, at *2 (S.D.N.Y. June 4, 2008) (ordering production of documents from defendant despite the possible existence of contractual obligations forbidding the documents' disclosure).  This "'practical ability' test is, necessarily, fact-intensive." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14CV04394AJNBCM, 2016 WL 5408171, at *9 (S.D.N.Y. Sept. 27, 2016).  Accordingly, it is preferable in the first instance to seek discovery against the ExactCar, which appears to have ready access to the materials Rodo is entitled to.

      I conclude by noting that, while I will reserve final judgment on ExactCar's conduct pending any response to this Order, the present record strongly suggests the company is operating in bad faith.  The company is unquestionably aware of this litigation so I can discern no reason why the ExactCar would take no action to quash the ExactCar Subpoena yet thwart Defendants' efforts to facilitate compliance with it.

      Accordingly, it is ORDERED that by March 17, 2023, ExactCar shall file any opposition

to Rodo's request to compel discovery. If ExactCar files an opposition, then Rodo shall file any reply by March 24, 2023. If ExactCar fails to file any papers by March 17, 2023, then Rodo may file a renewed motion to compel and award of costs as to ExactCar, accompanied by any supplemental authority it believes will aid me in rendering a decision, by March 24, 2023. Given that the parties' proposed schedule for this case turns on the resolution of this discovery dispute, (Doc. 53 ¶ 3), I will not set further deadlines at this time.

      Rodo is FURTHER ORDERED to serve a copy of this Order on ExactCar by email and by a means prescribed by Fed. R. Civ. P. 4.

      The Clerk of Court is respectfully directed to terminate the motion at Doc. 54.

SO ORDERED.

Dated:    March 1, 2023
           New York, New York

_____
VERNON S. BRODERICK
United States District Judge