UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RODO INC.,

                          Plaintiff(s),                        22-cv-9736 (VSB) (VF)

                                                                       **ORDER**

                        -against-

TALLES GUIMARAES and ARI COHEN,

                            Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

        On December 15, 2022, Plaintiff Rodo Inc. ("Rodo") issued a subpoena requesting documents and testimony from Exactcar, Inc. ("Exactcar"). See ECF No. 54-1. Exactcar failed to respond, and on February 28, 2023, Rodo submitted a letter to the Court requesting, among other things, that the Court compel Exactcar to fully comply with the subpoena by producing the requested documents. See ECF No. 54 at 3. On March 1, 2023, the Honorable Vernon S. Broderick issued an order denying Rodo's motion to compel. See ECF No. 55. In the order, Judge Broderick directed Exactcar to file any opposition to Rodo's request to compel discovery by March 17, 2023. See id. at 2-3. The order further stated that if Exactcar failed to file any papers by that date, then Rodo would be able to file a renewed motion to compel by March 24, 2023. See id. at 3. Exactcar failed to file any papers by March 17, 2023, and on March 23, 2023, Rodo filed a renewed motion to compel. See ECF No. 59.

On March 27, 2023, the case was referred to the undersigned for general pre-trial supervision, and a conference was scheduled to address Rodo's renewed letter motion to compel. See ECF No. 62. Counsel for Exactcar appeared at the conference and, in an order issued after the conference, the Court directed Exactcar to provide a response to Rodo's subpoena by no later than May 22, 2023. See ECF No. 68.

On June 1, 2023, Rodo filed a letter stating that Exactcar's responses to the subpoena were deficient, and that Rodo was continuing to seek Exactcar's fulsome compliance. See ECF No. 72. Exactcar submitted a letter in response on June 12, 2023, stating that it had complied with the subpoena's requirements. See ECF No. 74. Rodo, in turn, submitted its own letter in response on June 28, 2023, stating that Exactcar's compliance continued to be deficient and requesting that the Court sanction Exactcar for its failure to comply with the subpoena and for its failure to preserve documents responsive to the subpoena. See ECF No. 76.

On September 12, 2023, counsel for Exactcar submitted a motion to withdraw, ECF No. 77, which the Court granted on September 15, 2023, ECF No. 78. The Court scheduled a conference for October 23, 2023, to discuss all outstanding discovery disputes, including Rodo's pending motion to compel and motion for sanctions. See ECF No. 79. In the scheduling order, the Court directed Exactcar to retain new counsel should it wish to appear at the conference. See id. At the conference, Rodo reiterated its request for sanctions in light of Exactcar's continued noncompliance with the subpoena. Since September 15, 2023, when counsel for Exactcar was relieved, the Court has not heard from Exactcar or any of its representatives, and neither Exactcar nor any of its representatives appeared at the October 23 conference. Exactcar and its representatives, including CEO Kevin Azzouz, are warned that their continued failure to maintain counsel and otherwise appear in this action to resolve Rodo's motion to compel, may

potentially result in the Court granting Rodo's request for sanctions based on Rodo's representation that Exactcar has failed to comply with the subpoena and/or failure to preserve documents responsive to the subpoena.

**SO ORDERED.**

DATED:   New York, New York
         October 23, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge